**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| CHARLES E. RICKEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 13-2647-CM-TJJ |
| BRAND ENERGY, Inc., ) | |
| d/b/a BRAND ENERGY SOLUTIONS LLC, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion For Leave To File Second Amended Complaint (ECF No. 18). Plaintiff seeks to add as a party defendant Brand Energy Services, LLC, a division of Brand Energy, Inc. For reasons stated below, the Court grants Plaintiff's motion.

**I.     Background Information**

Plaintiff brings suit alleging employment discrimination under the Americans with Disabilities Act ("ADA") and retaliation under Kansas tort law.[1] His first amended complaint names a single defendant, Brand Energy, Inc. doing business as Brand Energy Solutions LLC, which he refers to throughout the first amended complaint as "Brand." In the paragraph which pleads exhaustion of administrative remedies, however, Plaintiff cites his EEOC charge which resulted in a right-to-sue letter as *Rickey v. Brand Energy Services.*[2]

Defendant filed a motion to dismiss Plaintiff's amended complaint on the ground that

---

[1] Plaintiff brings Count I pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101-12213, and Count II under Kansas tort law.

[2] *See* First Amended Complaint (ECF No. 7) ¶7.

Plaintiff has not exhausted his administrative remedies against Brand Energy, Inc. ("Energy") and Brand Energy Solutions LLC ("Solutions"), because plaintiff's EEOC charge named only Brand Energy Services, LLC ("Services") and not Energy or Solutions.[3] Plaintiff concomitantly responded to Defendant's motion and filed the instant motion.

Plaintiff readily acknowledges that Services was his employer. He explains that he did not originally name Services as defendant because when he filed his complaint, Services was not registered to do business in Kansas. As of that date, Plaintiff asserts that Energy and Solutions were the only Brand Company entities registered to do business in Kansas. The Brand Company includes Energy, the parent holding company, and seven entities including Solutions and Services. It was only after Plaintiff served the summons and complaint on the Kansas resident agent of Energy and Solutions (who share the same agent) that Services filed application with the Kansas Secretary of State to conduct business in the state of Kansas. Plaintiff contends that Services was on notice of the lawsuit from its filing and that Energy will not be prejudiced by the addition of Services as a party defendant.

Defendant opposes the motion, arguing that (1) Plaintiff knew the identity of his employer when he filed his complaint and that allowing Plaintiff to add Services as a party defendant would render the applicable statute of limitations a nullity, and (2) if the Court does permit Plaintiff to amend his complaint, the amendment should not relate back to the date of the original complaint.

---

[3]*See* Defendant's Motion to Dismiss (ECF No. 12). On April 8, 2014, presiding District Court Judge Carlos Murguia denied Defendant's motion to dismiss without prejudice, and directed that if appropriate Defendant could renew its motion following the undersigned Magistrate Judge's ruling on Plaintiff's motion to amend. *See* ECF No. 21.

## II. Standard for Ruling On a Motion to Amend

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend the party's pleading once as a matter of course (1) within 21 days after serving it or (2) within 21 days after a responsive pleading or a Rule 12(b), (e), or (f) motion is served.[4] Subsequent amendments are allowed only by leave of court or by written consent of the adverse party.[5] Leave to amend is a matter committed to the sound discretion of the district court,[6] and the court "should freely give leave when justice so requires."[7] A district court should refuse leave to amend "only upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[8] A proposed amendment is futile if the amended complaint would be subject to dismissal.[9]

## III. Analysis

Plaintiff argues that his failure to sue Services in his original and first amended complaints is a mistake that the Court should allow him to correct because Services and Energy will not be prejudiced by a second amended complaint. Plaintiff further argues that his second amended complaint should relate back to the date of his complaint because he has complied with each requirement of Rule 15(c)(1)(C). In an effort to demonstrate lack of prejudice and

---

[4] Fed. R. Civ. P. 15(a)(1).

[5] Fed. R. Civ. P. 15(a)(2).

[6] *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).

[7] Fed. R. Civ. P. 15(a)(2).

[8] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (internal citation omitted).

[9] *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

Services' knowledge of the lawsuit, Plaintiff sets forth a number of facts which Defendant does not contest. These include:

> (1) Energy, Solutions, and Services ("the Brand Companies") were each formed on the same date, share the same principal office with the same contact person, and have the same registered service agent in Kansas.
>
> (2) In his EEOC Intake Questionnaire, Plaintiff identified his employer as "Brand Energy, Inc. d/b/a Brand Energy Services LLC." He checked a box on the questionnaire which included the following: "I want to file a charge of discrimination, and . . . I understand that the EEOC must give the employer . . . that I accuse of discrimination information about the charge, including my name."[10] In his subsequent Charge of Discrimination, Plaintiff identified his employer as "Brand Energy Services" and he shortened the name to "Brand Energy" in the narrative. In the EEOC's right-to-sue letter, the agency referred to Plaintiff's employer as "Brand Energy Services."[11]
>
> (3) With its motion to dismiss, Defendant submitted an affidavit from a Services human resources employee which confirms that Plaintiff was employed by and filed his EEOC charge against Services.[12]

**A.     Rule 15(a)**

Defendant does not contest the accuracy of Plaintiff's representations, thereby conceding

---

[10] ECF No. 18-6 at p. 4.

[11] ECF No. 18-9 at p. 1.

[12] ECF No. 14 at pp. 1-2.

-4-

that Services knew that Plaintiff had filed a charge of discrimination and that the EEOC had sent Plaintiff a right-to-sue letter with Services as the potential defendant. Energy submitted an affidavit in this case within five weeks of having been served with the summons and complaint, which likewise confirms that Services knew of this lawsuit and was familiar with the underlying allegations. Defendant bears the burden to show some specific way in which it would be prejudiced by the amendment,[13] but Defendant's only argument is that allowing amendment would disregard the 90-day statute of limitations for bringing a lawsuit under the ADA. While this argument may have more to do with whether the Court should permit an amendment to relate back, the Court considers it as a prejudice argument. The Court does not find it a compelling argument. As is demonstrated below, Services knew of Plaintiff's charge of discrimination and right-to-sue letter because it received copies of each, and it also knew of Plaintiff's lawsuit before the name Defendant filed its responsive pleading. Defendant has not met its burden to show a specific way in which it would be prejudiced by the amendment.

Plaintiff has offered a reasonable explanation for his mistake, and Defendant's conduct after it was served with summons and complaint provide further reason for the Court to grant Plaintiff leave to amend. Plaintiff accomplished service on the Kansas resident agent of Energy and Solutions on December 26, 2013.[14] On January 15, 2014, Defendant's counsel emailed Plaintiff's counsel to request an extension to February 3, 2014, to respond to the complaint.

---

[13]*Steinert v. The Winn Group, Inc.*, 190 F.R.D. 680, 683 (D. Kan. 2000). Defendant disputes Plaintiff's assertion that the Court should allow amendment so that the parties may conduct discovery to clarify the identity of Plaintiff's actual employer. Because the parties agree that Services was Plaintiff's employer, the Court agrees that Plaintiff's argument does not provide a basis on which to grant leave to amend.

[14]*See* ECF No. 4.

Plaintiff's counsel agreed. The next day, Services filed its application with the Kansas Secretary of State to conduct business in the state of Kansas.[15] Clearly, Services knew that Plaintiff's allegations were directed at it, and its actions suggest that it anticipated Plaintiff would eventually seek to amend his complaint and Services recognized that it was conducting business in the state of Kansas without the requisite permission. On this record, the Court finds that Plaintiff should be granted leave to amend.

**B.     Rule 15(c)**

Rule 15(c) governs the relation back of amendments to the pleadings. It provides in relevant part as follows:

(1)   An amendment to a pleading relates back to the date of the original pleading when:
. . .
    (B)   the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or

    (C)   the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

        (I)     received such notice of the action that it will not be prejudiced in defending on the merits; and

        (ii)    knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.[16]

Under Rule 15(c)(1), an amendment adding new parties will relate back to the original

---

[15]*See* ECF No. 18-3.

[16]Fed. R. Civ. P. 15(c)(1).

complaint only if the plaintiff can establish that: (1) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; (2) the party to be brought in by the amendment has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits; (3) the party knew or should have known that but for a mistake in the identity of the proper party, the action would have been brought against the party; and (4) the conditions in (2) and (3) occurred within 120 days of the filing of the original complaint.[17]

Defendant disputes only the first of these elements, arguing that naming a new defendant categorically renders the amended claim dissimilar. Defendant offers no argument or authority for its conclusory position, and the Court rejects it. Plaintiff has not changed his allegations as to conduct, transaction, or occurrence. Moreover, Rule 15(c) specifically contemplates relation back of amended pleadings when a new party is named. Defendant further argues that dissimilarity results from the fact that different entities employ different decision-makers and have different policies, particularly where Plaintiff was a union member working for a union company and Solutions is a non-union company. Defendant offers no evidence or explanation as to how this alleged dissimilarity changes Plaintiff's allegations of conduct, transaction, or occurrence. The Court finds that Plaintiff made a mistake of which Defendant was aware and his amendment should relate back to the date of his original complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For Leave To File Second

---

[17]*See Price v. City of Wichita*, No. 12-1432-CM-DJW, 2014 WL 289453, at *4 (D. Kan. Jan. 27, 2014).

Amended Complaint (ECF No. 18) is granted. In accordance with D. Kan. Rule 15.1(b), Plaintiff shall electronically file and serve his Second Amended Complaint within fourteen (14) days of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall have fourteen (14) days from the date of filing of this Order to serve a summons and the Second Amended Complaint on Brand Energy Services, LLC. Newly added defendant Brand Energy Services, LLC shall plead in response to Plaintiff's Second Amended Complaint as set forth in Fed. R. Civ. P. 12(a)(1).

**IT IS FURTHER ORDERED** that Plaintiff's claims against Brand Energy Services, LLC shall relate back to the date of the filing of his original complaint.

IT IS SO ORDERED.

Dated April 28, 2014.

s/ Teresa J. James
Teresa J. James
United States Magistrate Judge
